UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| CYRIL DD ORAM, JR.,<br><br>              Plaintiff,<br><br>   v.<br><br>LOCKHEED MARTIN, GENERAL DYNAMICS CORP., DOD INSPECTOR GENERAL,<br><br>              Defendants. | CASE NO. 18-5996 RJB<br><br>ORDER DENYING APPLICATION FOR COURT-APPOINTED COUNSEL AND ORDER TO SHOW CAUSE |

This matter comes before the Court on Plaintiff's Application for Court-Appointed Counsel. Dkt. 8. The Court has considered the application and the remainder of the file herein.

On November 29, 2018, Plaintiff, a *pro se*, filed the IFP application (Dkt. 1) and proposed civil complaint (Dkt. 1-1). The Plaintiff's IFP application was denied. Dkt. 2. The Plaintiff paid the filing fee and his Complaint was filed. Dkt. 3. The Complaint references several federal statutes and the U.S. Constitution. Dkt. 3. It alleges that the Plaintiff worked for Lockheed Martin, or an affiliate, in the United Arab Emirates, and at some point, filed a labor dispute claim. *Id.* Plaintiff asserts that his employment was improperly terminated, he was

denied certain benefits, and was forced to engage in litigation in the United Arab Emirates. *Id.* Plaintiff further asserts that General Dynamics Corp did nothing to transfer Plaintiff's work visa in the United Arab Emirates and blocked his continued employment on a federal contract and on other federal contracts. *Id.* The Plaintiff maintains that the Department of Defense Inspector General refused to properly investigate his complaint and termination. *Id.* As a consequence of all the Defendants' actions, the Plaintiff asserts that he was damaged. *Id.*

In the pending motion, the Plaintiff moves for court-appointed counsel and for an extension of time to file the Joint Status Report and Discovery Plan ("JSR"), which is due today, May 6, 2019. Dkt. 8. The original deadline to file the JSR was April 11, 2019; the deadline was extended at the Plaintiff's request. Further, although this case was filed in November of 2018, it does not appear that the Defendants have been served in accord with Fed. R. Civ. P. 4. The Defendants have not appeared.

**APPLICATION FOR COURT-APPOINTED COUNSEL:** Pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant…." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981). Further, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to

articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for appointment of counsel (Dkt. 8) should be denied. While Plaintiff is having difficulty affording counsel and he states that he has made an effort to contact lawyers, he has not shown that his claims have merit or shown a likelihood of success on the merits. Further, the Plaintiff appears to be able to articulate his claims adequately in light of the legal issues involved. The circumstances of this case do not make appointment of counsel necessary or just, nor does the case present exceptional circumstances. The application for appointment of counsel (Dkt. 8) should be denied.

Plaintiff is informed that he is proceeding *pro se* in this matter. He is expected to comply with the Federal Rules of Civil Procedure, the Local Rules for the United States District Court for the Western District of Washington, and orders of this Court.

**FAILURE TO SERVE THE DEFENDANTS.** Pursuant to Fed. R. Civ. P. 4 (m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

It appears that the Defendants have not been served in accord with Fed. R. Civ. P. 4. The Plaintiff should be ordered to either file proof of service of the Defendants or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 4 (m) by **May 31, 2019**.

**FAILUE TO FILE JSR AND MOTION FOR A CONTINUANCE.** Fed. R. Civ. P. 16 (f)(1) provides that the court, on motion or on its own, may issue "any just orders including those authorized by Fed. R. Civ. P. 37 (b)(2)(A)(ii)-(vii)" if a party "fails to obey a scheduling or

ORDER DENYING APPLICATION FOR COURT-
APPOINTED COUNSEL AND ORDER TO SHOW
CAUSE- 3

other pretrial order." Under Fed. R. Civ. P. 37 (b)(2)(A)(v), the court may dismiss an action or proceeding in whole or in part for failure to obey a court order. Under Fed. R. Civ. P. 16 (b)(4), for good cause, the court may modify the scheduling order.

Plaintiff moves for a continuance of the JSR deadline in this case "until after determination of this action" (Dkt. 8), which the Court should construe as a motion for a continuance of the JSR deadline until after a decision on the Plaintiff's application for court-appointed counsel is issued. As above, the Plaintiff's application for court-appointed counsel (Dkt. 8) should be denied.

The deadline to file the JSR passes today. It appears that the Plaintiff has not properly served the Defendants. It is the Plaintiff's responsibility to initiate communications with the Defendants needed to comply with the Court's orders requiring a JSR, and he has not shown that he has done so. In the interest of fully and fairly considering the issues raised in the case, however, the Plaintiff's motion for an extension of time to file the JSR (Dkt. 8) should be granted. The Plaintiff should be ordered to either file a JSR or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v) by **June 28, 2019**.

## ORDER

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Application for Court-Appointed Counsel (Dkt. 8) **IS DENIED**, as to the appointment of counsel and **GRANTED** as to the motion for an extension of time to file the Joint Status Report and Discovery Plan.

- The Plaintiff **IS ORDERED** to either file proof of service of the Defendants or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) by **May 31, 2019;** and
- The Plaintiff **IS FURTHER ORDERED** to either file a Combined Joint Status Report and Discovery Plan or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16 (f)(1) and 37 (b)(2)(A)(v) by **June 28, 2019**.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 6th day of May, 2019.

*Robert J. Bryan* (signature)

ROBERT J. BRYAN
United States District Judge