# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

| | |
|---|---|
| CYRIL DD ORAM, JR., | CASE NO. 18-5996 RJB |
| Plaintiff, | ORDER ON MOTIONS AND ORDERS TO SHOW CAUSE |
| v. | |
| LOCKHEED MARTIN, GENERAL DYNAMICS CORP., DOD INSPECTOR GENERAL, | |
| Defendants. | |

This matter comes before the Court on Plaintiff's May 31, 2019 "Response to the Court Order and Motion for Continuance." Dkt. 10. The Court has considered the May 31, 2019 pleading and the remainder of the file herein.

On November 29, 2018, Plaintiff, a *pro se*, filed the IFP application (Dkt. 1) and proposed civil complaint (Dkt. 1-1). The Plaintiff's IFP application was denied. Dkt. 2. The Plaintiff paid the filing fee and his Complaint was filed. Dkt. 3. The Complaint references several federal statutes and the U.S. Constitution. Dkt. 3. It alleges that the Plaintiff worked for Lockheed Martin, or an affiliate, in the United Arab Emirates, and at some point, filed a labor

ORDER ON MOTIONS AND ORDERS TO SHOW
CAUSE- 1

dispute claim. *Id.* Plaintiff asserts that his employment was improperly terminated, he was denied certain benefits, and was forced to engage in litigation in the United Arab Emirates. *Id.* Plaintiff further asserts that General Dynamics Corp did nothing to transfer Plaintiff's work visa in the United Arab Emirates and blocked his continued employment on a federal contract and on other federal contracts. *Id.* The Plaintiff maintains that the Department of Defense Inspector General refused to properly investigate his complaint and termination. *Id.* As a consequence of all the Defendants' actions, the Plaintiff asserts that he was damaged. *Id.*

On May 6, 2019, the Plaintiff's motion for court-appointed counsel was denied. Dkt. 9. (The original deadline to file the JSR was April 11, 2019; the deadline was extended at the Plaintiff's request to May 6, 2019.) His motion for an extension of time to file the Joint Status Report and Discovery Plan ("JSR") was granted and the deadline was reset to June 28, 2019. *Id.* The Court further noted that, despite the having filed the case in November of 2018, there was no evidence that the Defendants had been served with a copy of the summons and complaint in accord with Fed. R. Civ. P. 4. *Id.* The Plaintiff was ordered to either file proof of service of the Defendants or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 4 (m) by May 31, 2019.

In the May 31, 2019 pleading, the Plaintiff moves for reconsideration of the decision denying him court-appointed counsel. Dkt. 10. He further states that he "has forwarded the summons to the defendants and hereby certifies proof of service with tracking numbers 9510816200929149160096, 9510816200929149160102, and 9510816200929149160119." *Id.* He again asks for an extension of time to file the JSR. *Id.* Plaintiff did not sign this pleading.

The Defendants have not appeared.

# MOTION FOR RECONSIDERATION OF ORDER DENYING APPLICATION

**FOR COURT-APPOINTED COUNSEL:** Local Rule W.D. Wash. 7 (h) provides:

> (1) *Standard.* Motions for reconsideration are disfavored. The court will ordinarily deny such motions in the absence of a showing of manifest error in the prior ruling or a showing of new facts or legal authority which could not have been brought to its attention earlier with reasonable diligence.
>
> (2) *Procedure and Timing.* A motion for reconsideration shall be plainly labeled as such. The motion shall be filed within fourteen days after the order to which it relates is filed. The motion shall be noted for consideration for the day it is filed. The motion shall point out with specificity the matters which the movant believes were overlooked or misapprehended by the court, any new matters being brought to the court's attention for the first time, and the particular modifications being sought in the court's prior ruling. Failure to comply with this subsection may be grounds for denial of the motion. The pendency of a motion for reconsideration shall not stay discovery or any other procedure.

Further, pursuant to 42 U.S.C. § 2000e-5(f)(1), "[u]pon application by the complainant and in such circumstances as the court may deem just, the court may appoint an attorney for such complainant…." In deciding whether to appoint counsel in a Title VII case, the court assesses the applicant's financial resources, efforts the applicant has already made to secure counsel, and whether the claim has merit. *Bradshaw v. Zoological Society of San Diego*, 662 F.2d 1301 (9th Cir. 1981). Further, under 28 U.S.C. § 1915(e)(1), the court may request an attorney to represent any person unable to afford counsel. Under Section 1915, the court may appoint counsel in exceptional circumstances. *Franklin v. Murphy*, 745 F.2d 1221, 1236 (9th Cir. 1984). To find exceptional circumstances, the court must evaluate the likelihood of success on the merits and the ability of the petitioner to articulate the claims *pro se* in light of the complexity of the legal issues involved. *Weygandt v. Look*, 718 F.2d 952, 954 (9th Cir. 1983).

The Plaintiff's motion for reconsideration of the decision denying his application for appointment of counsel (Dkt. 10) should be denied. He has failed to point to "manifest error in

the prior ruling or a showing of new facts or legal authority which could not have been brought to [the Court's] attention earlier with reasonable diligence." LCR 7(h)(1). Further, the motion is untimely, the May 31, 2019 pleading was filed more than 14 days after the May 6, 2019 Order. The May 6, 2019 Order's findings and reasoning should be adopted and the motion for reconsideration denied.

**FAILURE TO SERVE THE DEFENDANTS.** Fed. R. Civ. P. 4 (c), "Service," provides:

> **(**1) In General. A summons must be served with a copy of the complaint. The plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service.
>
> (2) By Whom. Any person who is at least 18 years old and not a party may serve a summons and complaint.

Rule 4 goes on to explain the particulars of serving a corporation and the United States and its agencies, officers and employees and others. Under Rule 4, "[u]nless service is waived, proof of service must be made to the court . . . proof of service must be by the server's affidavit." Rule 4(l)(1). Pursuant to Fed. R. Civ. P. 4(m), "[i]f a defendant is not served within 90 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time."

It appears that the Defendants still have not been served in accord with Fed. R. Civ. P. 4. The Plaintiff's statement in his May 31, 2019 pleading, indicating that he "forwarded the summons to the defendants" (Dkt. 10), is insufficient and does not comply with Rule 4. It also does not comply with Fed. R. Civ. P. 11(a), which requires that "[e]very pleading, written motion and other paper must be signed by . . . a party personally if the party is unrepresented." The Plaintiff is again reminded that he must comply with the Federal Rules of Civil Procedure

and the Local Rules of the W.D. of Washington; the Local Rules can be found on the U.S. District Court for the Western District of Washington's website.

In order to fully and fairly consider the issues raised in this case, the Plaintiff should be given one more extension of time to properly serve the Defendants. The Plaintiff should be ordered to either file proof of service (which comports with Rule 4 (l)) on the Defendants or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) by **June 11, 2019**. Failure to do so may result in dismissal of the case without prejudice.

**MOTION FOR A CONTINUANCE OF JSR DEADLINE.** Fed. R. Civ. P. 16(f)(1) provides that the court, on motion or on its own, may issue "any just orders including those authorized by Fed. R. Civ. P. 37(b)(2)(A)(ii)-(vii)" if a party "fails to obey a scheduling or other pretrial order." Under Fed. R. Civ. P. 37(b)(2)(A)(v), the court may dismiss an action or proceeding in whole or in part for failure to obey a court order. Under Fed. R. Civ. P. 16(b)(4), for good cause, the court may modify the scheduling order.

Plaintiff moves for a continuance of the JSR deadline in this case "until the defendants had time to respond." Dkt. 10.

The Plaintiff has failed to show that good cause exists to extend the JSR deadline. Despite the Court's earlier direction, it appears that the Plaintiff has not properly served the Defendants. The Plaintiff made the decision to file this case. It is the Plaintiff's responsibility to follow the Rules and to initiate communications with the Defendants needed to comply with the Court's orders requiring a JSR, and he has not shown that he has done so. The Plaintiff's motion for an extension of time to file the JSR (Dkt. 10) should be denied. The prior order, ordering the Plaintiff to either file a JSR or show cause, if any he has, in writing, why this case should not be

dismissed without prejudice under Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A)(v) by **June 28, 2019**, remains in effect. Failure to do so may result in dismissal of the case without prejudice.

**ORDER**

Therefore, it is hereby **ORDERED** that:

- Plaintiff's Motion for Reconsideration of the Order Denying the Application for Court-Appointed Counsel and (Dkt. 10) **IS DENIED**;

- The Plaintiff's motion for an extension of time to file the Joint Status Report and Discovery Plan (Dkt. 10**) IS DENIED**;

- The Plaintiff **IS ORDERED** to either file proof of service (which comports with Rule 4 (l)) on the Defendants or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 4(m) by **June 11, 2019;** and

- The Plaintiff **IS FURTHER ORDERED** to either file a Combined Joint Status Report and Discovery Plan or show cause, if any he has, in writing, why this case should not be dismissed without prejudice under Fed. R. Civ. P. 16(f)(1) and 37(b)(2)(A)(v) by **June 28, 2019**.

- A failure to respond to either of the orders to show cause may result in dismissal of the case without prejudice.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 4th day of June, 2019.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge